IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:21-cv-00937-CNS-STV

WILLIAM B. MOODY, and
LESLIE S. MOODY,

      Plaintiffs,

v.

MICROPORT ORTHOPEDICS, INC., a Delaware Corporation, and
ONKOS SURGICAL, INC., a Delaware Corporation,

      Defendants.

## ORDER

Before the Court is Defendant Onkos Surgical, Inc.'s (Onkos) Partial Motion to Dismiss Plaintiffs' Colorado Consumer Protection Act (CCPA) claim under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 28). The Court DENIES the motion for the following reasons.

### I. FACTS

This product liability action arises from the alleged failure of artificial knee devices manufactured by Defendants that were implanted in Plaintiff William Moody in October 2015, resulting in multiple revision surgeries in June 2019, April 2020, and November 2020. (ECF No. 19). Plaintiffs allege that the component that repeatedly failed was the Tibial Hinged Component of the Limb Salvage System, which fractured at the keel. (*Id*., pp. 6-10). In the Second Amended Complaint, Plaintiffs raised claims of: (1) strict liability by Defendants for manufacturing

1

defective products; (2) negligent failure to warn; (3) general negligence; (4) violation of the CCPA, Colorado Revised Statute § 6-1-101, *et seq.*; (5) breach of implied warranty; and (6) breach of express warranty. (*Id.*, pp. 15-28). Defendant Onkos moves to dismiss Plaintiffs' CCPA claim under Rule 12(b)(6). (ECF No. 28).

## II. LEGAL STANDARD

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true and interpreted in the light most favorable to the non-moving party, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Additionally, the complaint must sufficiently allege facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed; however, a complaint may be dismissed because it asserts a legal theory not cognizable as a matter of law. *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007); *Golan v. Ashcroft*, 310 F. Supp. 2d 1215, 1217 (D. Colo. 2004). A claim is not plausible on its face "if [the allegations] are so general that they encompass a wide swath of conduct, much of it innocent," and the plaintiff has failed to "nudge[ the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). The standard, however, remains a liberal pleading standard, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Dias v. City & Cty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (internal quotations and citation omitted).

### III.  ANALYSIS

To establish a private cause of action under the CCPA, Plaintiff must show that:

(1) that the defendant engaged in an unfair or deceptive trade practice; (2) that the challenged practice occurred in the course of defendant's business, vocation, or occupation; (3) that it significantly impacts the public as actual or potential consumers of the defendant's goods, services, or property; (4) that the plaintiff suffered injury in fact to a legally protected interest; and (5) that the challenged practice caused the plaintiff's injury.

*Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.*, 62 P.3d 142, 146–47 (Colo. 2003) (citing *Hall v. Walter*, 969 P.2d 224, 235 (Colo. 1998)).  A claim under the CCPA must be pled with particularity per Rule 9(b) and must set out "the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *HealthONE of Denver, Inc. v. UnitedHealth Grp. Inc.*, 805 F. Supp. 2d 1115, 1121 (D. Colo. 2011) (citation and internal quotations omitted); *Cavitat Med. Techs., Inc. v. Aetna, Inc.*, No. 04-CV-01849-MSK-OES, 2006 WL 218018, at *3 (D. Colo. Jan. 27, 2006).  All elements of the CCPA claim must be met, otherwise the claim fails as a matter of law.  *Mayhew v. Cherry Creek Mortg. Co.*, No. CIVA09-CV00219PABCBS, 2010 WL 935674, at *14 (D. Colo. Mar. 10, 2010).  Moreover, under the CCPA, a plaintiff cannot bring a claim for a purely private wrong that does not impact the public.  *Martinez v. Lewis*, 969 P.2d 213, 222 (Colo. 1998).

Defendant Onkos argues that Plaintiffs have not established the first and third elements of a plausible CCPA claim, i.e., that Plaintiffs have failed to allege an unfair or deceptive trade practice or establish how Defendant Onkos intended to deceive the public, who made the misrepresentations, as well as when and where the misrepresentations took place.  (ECF Nos. 28, pp. 4-5; 41, pp. 2-5).

The Colorado Supreme Court defines misrepresentation as "a false or misleading statement that induces the recipient to act or refrain from acting" and is actionable when it is made "either with knowledge of its untruth, or recklessly and willfully made without regard to its consequences, and with an intent to mislead and deceive the plaintiff." *Rhino Linings USA, Inc.*, 62 P.3d at 147 (internal quotations and citations omitted). Accordingly, a plaintiff may establish a deceptive trade practice under the CCPA by showing a misrepresentation by a defendant or "that the false representation had the capacity or tendency to deceive, even if it did not." *Id*. at 148.

Here, Plaintiffs allege that Defendants represented to surgeons and the public that the Hinged Tibial Component (1) could withstand normal, daily activities, (2) was adequately tested to not structurally fail after implantation, (3) was adequately manufactured to not fracture causing catastrophic failure, and (4) would last the expected useful life of the component for the intended patient population. (ECF No. 19, pp. 24-26). Plaintiffs also allege that after there had been catastrophic failures of the implanted devices, Defendants did not provide any warnings to the patients or surgeons. (*Id*., pp. 12-13).

While Plaintiffs must meet the heightened pleading requirement under Rule 9, the pleadings are read in conjunction with Rule 8, which mandates that the pleadings be "simple, concise, and direct" and "construed so as to do justice." *See Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997) (quoting Fed. R. Civ. P. 8(d), (e)). Indeed, the purpose of Rule 9 is to put Defendants on notice to prepare for litigation. *See HealthONE of Denver, Inc.*, 805 F. Supp. 2d at 1121. After reviewing the entire Second Amended Complaint, the Court finds that it contains sufficient allegations to establish a CCPA claim. As of now, Plaintiffs will not be able to pinpoint the exact company representatives making the alleged false representations on a

particular date because those are issues to be uncovered during discovery. The Court finds that Plaintiffs have sufficiently alleged with particularity that Defendants engaged in an unfair or deceptive trade practice that has a significant public impact and, therefore, established a CCPA claim that survives Rule 12(b)(6) scrutiny.

## IV.  CONCLUSION

Accordingly, Defendant Onkos's Partial Motion to Dismiss is DENIED.  (ECF No. 28).

DATED this 17th day of October 2022.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge